## Arons v. Kopf, Appellant.

*Affidavit of defense—Contract—Sale to another dealer.*

In an action to recover the price of clothing sold and delivered, an affidavit of defense is insufficient which avers that the goods were bought on condition that if the plaintiffs should sell clothing to another dealer in the same town, defendant should have the right to return the goods; that plaintiffs did sell goods to another person in the town, naming him, without averring that such person was a dealer, and that defendant had returned the goods to plaintiffs, without any averment that the goods returned were all the goods which the defendant had purchased.

*It seems* that it is not against public policy to enter into a contract to purchase goods on condition that similar goods should not be sold to another dealer in the same town.

Argued May 14, 1902.   Appeal, No. 58, April T., 1902, by defendant, from order of C. P. Lawrence Co., March T., 1901, No. 41, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Jacob Weinman, Adolph Arons and Ernest Weinman, trading as Arons, Weinman & Company, v. Samuel T. Kopf.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The defendant filed the following affidavit of defense:

On or about June 20, 1900, Mr. Krieger, claiming to be an agent of plaintiffs, called on defendant at defendant's store in

124          ARONS *v.* KOPF, Appellant.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

Ellwood city and solicited an order from defendant for a quantity of ready-made clothing. The said Mr. Krieger, in order to induce defendant to place an order for some clothing, expressly stated to defendant that plaintiffs had not sold any clothing to any other dealer in Ellwood city. Relying upon that express representation, defendant contracted for the purchase of a certain amount of ready-made clothing, one of the express terms of the contract being that if the plaintiffs should sell any suits or clothing to another dealer in Ellwood city, defendant should have the right to return the goods he had ordered. On or about September 1, defendant received the clothing from plaintiffs in fulfilment of his order. In the latter part of November, defendant saw some clothing of the same quality as that he had purchased from plaintiffs, in the store of Morris Keller in Ellwood city, and defendant learned that plaintiffs had sold the clothing to Mr. Keller. Defendant immediately repacked the clothing he had bought from plaintiffs and shipped them by freight to plaintiffs' address in New York city, in accordance with the express terms of the contract made with Mr. Krieger, plaintiffs' agent, at the time the goods were purchased.

Defendant denies that he owes plaintiffs the sum of $365 or any other sum.

All of which manners and things the deponent avers to be true and expects to be able to prove upon the trial of said cause.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*B. A. Winternitz*, with him *J. G. McConahy*, for appellant.

*W. H. Falls*, with him *E. M. Enderwood*, for appellees.

OPINION BY BEAVER, J., July 10, 1902:

The affidavit of defense, upon which the defendant relies, expressly admits the purchase and receipt of the clothing, for the recovery of the price of which the plaintiffs' suit is brought. He sets forth, as a defense for the nonpayment of the bill, that the plaintiffs' soliciting agent " in order to induce defendant

to place an order for some clothing, expressly stated to defendant that plaintiffs had not sold any clothing to any other dealer in Ellwood city," and that "relying upon that express representation, defendant contracted for the purchase of a certain amount of ready-made clothing, one of the express terms of the contract being that, if the plaintiffs should sell any suits or clothing to another dealer in Ellwood city, defendant should have the right to return the goods he had ordered.

Defendant must be held to the agreement as he states it, for it is to be presumed that his statement of it is the strongest which can be made in his favor.

Does the affidavit of defense set forth a breach of this contract, as stated? We think not. The affidavit further alleges: " On or about September 1, defendant received the clothing from plaintiffs in fulfilment of his order. In the latter part of November, defendant saw some clothing of the same quality as that he had purchased from plaintiffs in the store of Morris Keller in Ellwood city and defendant learned that plaintiffs had sold the clothing to Mr. Keller." There is no allegation here that Keller, to whom it is alleged plaintiff sold the clothing, was at the time of the sale a dealer in Ellwood city and, unless he was such a dealer, there was no breach of the contract made by the plaintiff, even as stated by the defendant.

The affidavit further alleges: " Defendant immediately repacked the clothing he had bought from plaintiffs and shipped them by freight to the plaintiffs' address in New York city, in accordance with the express terms of the contract made with Mr. Krieger, plaintiffs' agent, at the time the goods were purchased." Defendant, therefore, had the goods from September 1, until the latter part of November. Did he sell any? If so, what quantity? It can hardly be presumed that the defendant had such an amount of clothing on hand during all that period, without selling some portion of it. He does not say specifically in his affidavit of defense that all the clothing received was reshipped the plaintiff. In this respect his affidavit is vague and indefinite.

We do not think a contract, such as is alleged by the defendant, is contrary to public policy. It is oftentimes to the interest of both buyer and seller that a single dealer in any given community should have the exclusive control, for the

purpose of sale, of a particular line of goods. Such an arrangement injures the public in no way, but, on the contrary, is often a substantial convenience. We do not put our affirmance of the judgment of the court below upon this ground but rather upon the ground that there is no sufficient averment of a breach of the contract, as set forth by the defendant in his affidavit of defense, and that the affidavit is also vague and indefinite in regard to the amount of the goods returned to the plaintiff. As the appellee well says: "If the defendant would prove in court before a jury every fact alleged in his affidavit in the same manner in which it is set out in the affidavit, the court would be compelled to give binding instructions for the plaintiffs."

Judgment affirmed.